## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIAN NEARY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civ. Action No. 14-1167 (ABJ)** |
| ) | |
| **FEDERAL DEPOSIT** ) | |
| **INSURANCE CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |
| —————————————————— ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Brian Neary, proceeding *pro se*, challenges the response of the Federal Deposit Insurance Corporation ("FDIC") to his March 2011 Freedom of Information Act ("FOIA") request for records that would identify "all [] candidates interviewed for the FDIC, Corporate Employee Program, from its inception to the present." [1]  Compl. at 1.  Defendant moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, ECF No. 9.  Plaintiff has opposed the motion, ECF No. 12, and defendant has filed a reply, ECF No. 13.  Since the information plaintiff requests is contained in personnel records that are specifically exempt from disclosure under the statute, and plaintiff has not identified any overriding public interest or agency waiver that would justify compelling their release, the Court will grant defendant's motion and enter judgment accordingly.

---

[1]   The Corporate Employment Program will be referred to hereafter as "CE Program" or "CEP."

1

**BACKGROUND**

By letter dated March 28, 2011, plaintiff requested "the names, addresses & dates interviewed of all applicants from the CEP recruitment events" so that he could identify individuals for a class action in an age discrimination complaint before the Equal Employment Opportunity Commission ("EEOC").   Decl. of Hugo A. Zia, ECF No. 9-1, Ex. C; *see* Compl. at 1 (referencing FOIA Request Number 11-0544).   On March 30, 2011, defendant informed plaintiff that the requested records were "categorically exempt form disclosure" and were being withheld under FOIA exemptions 2 and 6, codified in 5 U.S.C. § 552(b).   *Id*., Ex. D.   In his administrative appeal to the FDIC's General Counsel, plaintiff "emphatically reject[ed]" the FDIC's exemption 6 explanation "on two specific points."   *Id*., Ex. E (Apr. 4, 2011 Appeal).   First, plaintiff asserted that the agency was infringing upon his "freedom of speech" by preventing him from notifying "all rejected candidates" who were age 40 and above "with full-disclosure of the ostensible unethical behavior perpetrated within the CEP Program recruitment process," which in turn "impart[s] a valuable service in regard to their respective Title VII Rights as a protected class." *Id*.   Second, plaintiff asserted that the agency was "directly interfering with my ability to construct/define an appropriate 'class' in hiding behind the exemption," which "was the primary reason behind [a judge's] dismissal of my original class complaint."   *Id*.

On April 29, 2011, the General Counsel affirmed FDIC's decision to withhold information under FOIA exemption 6 and informed plaintiff of his right to seek judicial review.   *Id*., Ex. F (Apr. 29, 2011 Dec.).   The General Counsel determined that plaintiff had "not offered any persuasive arguments that tip the balance in favor of disclosure."   *Id*. at 3.   It further informed plaintiff that "the FDIC does not collect information for the purpose of determining job applicants'

ages [and] does not require or request that applicants provide their dates of birth or ages in connection with job applications or during interviews." *Id*. at 1.  Thus, as to that aspect of the request, no responsive records were available.  *See id*.

## LEGAL STANDARD

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009).  The district court reviews the agency's action *de novo* and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B); *accord Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  To prevail in a FOIA action, an agency must demonstrate that each document that falls within the class requested either has been produced . . .  or is wholly exempt from the [FOIA's] inspection requirements.' " *Students Against Genocide v. U.S. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001), quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978).  In other words, the agency must show that "materials that are withheld . . . . fall within a FOIA statutory exemption." *Leadership Conf. on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 252 (D.D.C. 2005).  Since FOIA mandates a "strong presumption in favor of disclosure," *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991), an agency's invocation of exemptions is to be "narrowly construed." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976).

On summary judgment, the Court generally "must view the evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in his favor, and eschew making credibility determinations or weighing the evidence." *Montgomery v. Chao*, 546 F.3d 703, 706 (D.C. Cir. 2008); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).  But where, in a FOIA case, a plaintiff has not provided evidence that an agency acted in bad faith, "a

court may award summary judgment solely on the basis of information provided by the agency in declarations," *Moore*, 601 F. Supp. 2d at 12, provided the declarations are not "conclusory[,] . . . vague or sweeping."  *King v. United States Dep't of Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987) (internal citation and quotation marks omitted).

**ANALYSIS**

**I.  Defendant's No-Records Response**

The Court finds that the FDIC's no-records response to plaintiff's request for the applicants' ages was proper since the agency does not "require or request that CE Program applicants provide their dates of birth or ages in connection with job applications or during interviews," Zia Decl. ¶ 13, and "[i]t is well settled that an agency is not required by FOIA to create a document that does not exist in order to satisfy a request."[2]  *Yeager v. Drug Enforcement Admin.*, 678 F.2d 315, 321 (D.C. Cir. 1982), citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 161-62 (1975).

**II.  Defendant's Asserted Exemptions**

FDIC withheld records containing the full names and addresses of applicants for the CE Program, the applicants' interview dates, and the applicants' hiring status.  Zia Decl. ¶ 20. Although the FDIC invoked FOIA exemptions 2 and 6 as the bases for withholding the information, plaintiff exhausted his administrative remedies only as to exemption 6.  *See* Apr. 4, 2011 Appeal.  Since exemption 6 suffices to resolve the case, the Court will not address the

---

[2]    In response to plaintiff's earlier FOIA request not at issue here, FDIC did disclose to plaintiff "charts identifying the number of candidates hired for the CE Program along with their age ranges at the time of the hire."  Zia Decl. ¶ 9.  That disclosure does not contradict the agency's partial no-records response because an individual's age is not collected until a person is actually hired. *See id.* ¶¶ 19-20.

propriety of defendant's withholding of the same information under exemption 2.[3]

FOIA Exemption 6 allows agencies to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).   The purpose of exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 599 (1982).   The proper application of FOIA's "privacy exemptions turns on a balance of 'the individual's right of privacy against the basic policy of opening agency action to the light of public scrutiny.' " *CEI Wash. Bureau, Inc., v. Dep't of Justice*, 469 F.3d 126, 128 (D.C. Cir. 2006), quoting *Ray*, 502 U.S. at 175.

It is undisputed that the requested information is contained in personnel files, which satisfies the threshold requirement of exemption 6.   *See* Zia Decl. ¶ 8 (The Division of Administration "includes the FDIC's Human Resources Branch, which is responsible for maintaining the FDIC's personnel records and records concerning job applications, including candidates for positions in the CE Program.")   Defendant's declarant also asserts that "the CE Program applicants had a significant privacy interest in the nondisclosure of the information plaintiff requested." Zia Decl. ¶ 22. This statement is somewhat conclusory, but it is supported by that portion of the administrative record in which the FDIC General Counsel identifies cases in which courts have "routinely protect[ed] under exemption 6 the identities of people who applied but were not accepted for federal employment" upon determining that "disclosure might embarrass

---

[3]     Defendant also argues that the Privacy Act prohibits it from releasing the requested information, *see* Def.'s Mot. and Supp'g Mem. of Law at 13-14, but that Act specifically excepts records required to be disclosed under the FOIA.   5 U.S.C. § 552a(b)(2).   In other words, the Privacy Act cannot "be used as a barrier to FOIA access."   *Greentree v. United States Customs Serv.*, 674 F.2d 74, 79 (D.C. Cir. 1982).

or harm unsuccessful job applicants." Apr. 29, 2011 Dec. at 2.

Indeed, "[c]ourts generally recognize the sensitivity of information contained in personnel-related files and have accorded protection to the personal details of a federal employee's service." *Smith v. Dep't of Labor*, 798 F. Supp. 2d 274, 284-85 (D.D.C. 2011).   There is no reason why the same reasoning would not apply to information about job applicants maintained in an agency's personnel files.   *See Washington Post Co.*, 456 U.S. at 600 (noting that "[a] proper analysis of [ ] exemption [6] must [ ] take into account the fact that 'personnel and medical files,' . . . are likely to contain much information about a particular individual that is not intimate.   Information such as … date of birth…, employment history, and comparable data is not normally regarded as highly personal, and yet respondent does not disagree that such information, if contained in a 'personnel' or 'medical' file, would be exempt from any disclosure that would constitute a clearly unwarranted invasion of personal privacy"); *Core v. U.S. Postal Serv.*, 730 F.2d 946, 948-49 (4th Cir. 1984). Hence, the potential harm in disclosing the applicants' personal information has been established.

## A.   Private Versus Public Interests

The Court now must "weigh the 'privacy interest in non-disclosure against the public interest in the release of the records.' "   *Lepelletier v. FDIC*, 164 F.3d 37, 46 (D.C. Cir. 1999), quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 874 (D.C. Cir. 1989).   The Court of Appeals instructs:

> The public interest to be weighed against the privacy interest in this balancing test is the extent to which disclosure would serve the core purposes of the FOIA by contribut[ing] significantly to public understanding of the operations or activities of the government.   Thus, unless a FOIA request advances the citizens' right to be informed about what their government is up to, no relevant public interest is at issue.

*Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 33-34 (D.C. Cir. 2002) (citations and internal

quotation marks omitted) (alteration in original).   To trigger the balancing requirement,   plaintiff must demonstrate the requisite level of public interest, *see Smith*, 798 F. Supp. 2d at 285, by producing evidence of official misconduct "that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred."   *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004).   Otherwise, there is no "counterweight on the FOIA scale for the court to balance against the cognizable privacy interests in the requested records."   *Id*. at 174-75

Plaintiff advanced two possible interests at the administrative level, but he no longer presses the public's need (or his free speech right) for him to notify the "rejected candidates" personally about the agency's alleged discriminatory practices based on age.   Apr. 4, 2011 Appeal at 1; *cf.* Pl.'s Opp'n at 4 ("There is no intent to solicit commerce, construct a mailing list for profit, or release the information to any unrelated 3rd party.   Its singular use is to be submitted exclusively to the EEOC for class certification, in protection of their respective Title VII rights.").   Plaintiff maintains that disclosure of the requested information would permit him to establish the "numerosity" requirement of his purported class action complaint before the EEOC.   Compl. at 1; Pl's Opp'n at 4.   But plaintiff's interest in gathering information for use in civil litigation he seeks to initiate is not sufficient to give rise to a public need for the information, as "FOIA was not intended to be a discovery tool for civil plaintiffs."   *Honeywell, Inc. v. Consumer Prod. Safety Comm'n*, 582 F. Supp. 1072, 1078 (D.D.C. 1984), citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974); *see* also *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 144 n.10 (1975) ("The Act is fundamentally designed to inform the public about agency action and not

to benefit private litigants.").[4]

Moreover, plaintiff's unsubstantiated allegations that the FDIC engaged in age discrimination are not evidence. The Supreme Court has instructed that since "[a]llegations of government misconduct are easy to allege and hard to disprove, . . . courts must insist on a meaningful evidentiary showing." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 175 (2004) (citation and internal quotation marks omitted). Otherwise, the balancing test is simply not "in[] play." *Id.*

Plaintiff has not offered any evidence that would cause a reasonable person to believe that the FDIC discriminated against applicants to the CE Program, and without more, his allegations are insufficient to show that his request furthers "the only relevant public interest in the FOIA balancing analysis – the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 497 (1994), quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989); *see also Voinche v. FBI*, 940 F. Supp. 323, 330 (D.D.C. 1996) ("There is no reason to believe that the public will obtain a better understanding of the workings of various agencies by learning the identities of . . . candidates for vacancies on the U.S. Supreme Court."), *aff'd*, No. 96-5304, 1997 WL 411685 (D.C. Cir. Jun. 19, 1997); *Clay v. U.S. Dep't of Justice*, 680 F. Supp. 2d

---

4    Plaintiff "propose[s]" that this Court "and the FDIC FOIA legal group . . . consider accepting the FDIC delivering the CEP program candidates' name and address records directly to the EEOC Office . . . as a viable solution." Pl.'s Opp'n at 5. But the Court cannot act as a conduit or a depository of records as plaintiff proposes because its jurisdiction under FOIA is limited to "order[ing] the production [to the requester] of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).

239, 249 (D.D.C. 2010) ("[A]ny personal interest the plaintiff may have in the withheld material [to show payments made to a witness against him] does not qualify as a public interest favoring disclosure under FOIA[.]") (citations omitted); *Barvick v. Cisneros*, 941 F. Supp. 1015, 1022 (D. Kan. 1996) ("Simply alleging that the defendant has engaged in a pattern and practice of employment discrimination does not justify release of personal information.").   Hence, plaintiff has not shown an overriding public interest to compel disclosure of the exempt information.

## B.   Plaintiff's Public Domain Theory

Plaintiff also contends that the names of other applicants are in the public domain because they were "openly displayed in a registration common area of the FDIC Seligman Complex, and freely distributed."   Pl.'s Opp'n at 2.   He points to a list comprising "the other applicants that were assigned to [his] candidate group" in 2009 and a list of "all candidates invited to interview & selections results [where] all names have been redacted."   *Id*., Attachments 1 and 2.   Defendant has not addressed plaintiff's public domain theory, but the Court needs no further briefing to resolve that issue.

"In rare circumstances, actions by the government may waive its ability to withhold information sought under FOIA."   *Darui v. U.S. Dep't of State*, 798 F. Supp. 2d 32, 42 (D.D.C. 2011).   A waiver may occur when otherwise exempt information has been "officially acknowledged," *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990), and previously "disclosed and preserved in a permanent public record."   *Cottone v. Reno*, 193 F.3d 550, 553-54 (D.C. Cir.1999) (citations omitted).   It is plaintiff's burden to show the following:

> First, the information requested must be as specific as the information previously released. Second, the information requested must match the information previously disclosed . . . Third, . . . the information requested

> must already have been made public through an official and documented disclosure.

*Id*., citing *Afshar v. Dep't of State*, 702 F.2d 1125, 1133 (D.C. Cir. 1983).   The test is exacting because "the fact that information exists in some form in the public domain does not necessarily mean that official disclosure will not cause harm cognizable under a FOIA exemption."   *Wolf v. CIA*., 473 F.3d 370, 378 (D.C. Cir. 2007).

Plaintiff's theory fails on all three requirements, but particularly on the first two.   "In most waiver cases, the inquiry turns on the match between the information requested and the content of the prior disclosure."   *Id*.   By plaintiff's own admission, the two proffered lists disclose only the names of applicants who were in his group (one of four), *see* Pl.'s Opp'n at 2, instead of the names of "all applicants from [all] CEP recruitment events."   Pl.'s FOIA Request.   Consequently, plaintiff has not satisfied his burden by "point[ing] to 'specific' information identical to that being withheld."   *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1280 (D.C. Cir. 1992).   Moreover, third-party information contained in lists--such as those offered here--created for use at a job recruitment event while "technically public may be practically obscure[,] . . . [and] in such circumstances, an individual's privacy interest in limiting disclosure or dissemination of information does not disappear just because it was once publicly released."   *ACLU v. U.S. Dep't of Justice*, 655 F.3d 1, 9 (D.C. Cir. 2011), quoting *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 762-63 (1989) (alterations and internal quotation marks omitted).   Plaintiff has not shown that the requested applicant information "is permanently in the public domain," *Davis*, 968 F.2d at 1279, so as to require its release "to the public as a whole."   *Lazaridis v. U.S. Dep't of State*, 934 F. Supp. 2d 21, 35-36 (D.D.C. 2013), quoting *Stonehill v. IRS*, 558 F.3d 534, 539 (D.C. Cir. 2009).

**CONCLUSION**

For the foregoing reasons, the Court concludes that defendant properly withheld the requested job applicant records under FOIA exemption 6 and is entitled to judgment as a matter of law.   A separate order accompanies this Memorandum Opinion.


_____
AMY BERMAN JACKSON
United States District Judge

Date:    May 19, 2015